**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHEN ZHEN NUO BEI SHI CHUANG YI FA ZHAN CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>XIAOLING CHE and JINYAN DUAN,<br><br>Defendants. | Civil Case No.: 2:26-cv-1819<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. complains against Defendants Xiaoling Che and Jinyan Duan, seeking a court declaration of non-infringement and invalidity of U.S. Patent No. 12,048,885 B2 ('885 Patent). Plaintiff alleges as follows:

## INTRODUCTION

1. Defendants Che and Duan (collectively, Defendant Chinese Seller) are Chinese citizens residing in China. Defendant Chinese Seller and Plaintiff are competing sellers of certain puzzle board products on Amazon.com.

2. To smother competition and keep price up, Defendant Chinese Seller falsely complained against Plaintiff with Amazon for infringing a utility patent Defendant Chinese Seller purportedly owns.



*An example puzzle board for sale on Amazon.com*

3. Besides the ownership issue, a careful analysis shows that Plaintiff's products did not infringe the asserted patent: Plaintiff's products did not include all functional features required by the asserted patent. Thus, the Court should declare that the accused products do not infringe the asserted patent so that consumers can once again

enjoy Plaintiff's higher quality, lower priced competing products.

## JURISDICTION AND VENUE

4. First, this Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a). Because this action arises under the laws of the United States, e.g., the Patent Act of the United States, 35 U.S.C. § 100 *et seq.*, and because an actual case or controversy exists among the parties to this action.

5. For example, Defendant Chinese Seller has made and is once again trying to to make Plaintiff's puzzle boards unavailable from consumers on Amazon.com through false accusations of patent infringement.

6. Second, this Court may properly exercise personal jurisdiction over Defendant Chinese Seller, because Defendant Chinese Seller purposefully availed itself with this District. Further, 42 Pa. Cons. Stat. § 5322(a) authorizes the exercise of personal jurisdiction over Defendant Chinese Seller, because Defendant Chinese Seller transacts business within the Commonwealth of Pennsylvania and has caused harm within the Commonwealth of Pennsylvania through the acts alleged in this Complaint.

7. Third, venue is proper in this District under 28 U.S.C. § 1391, because Defendant Chinese Seller directly targets business activities toward consumers in the United States, including the Commonwealth of Pennsylvania, through its fully interactive e-commerce Amazon store. Defendant Chinese Seller is engaging in interstate commerce and has wrongfully accused Plaintiff of infringement in the United States,

including the Commonwealth of Pennsylvania. Defendant Chinese Seller has caused and continues to cause significant harm to Plaintiff's sales in this District.

## THE PARTIES

8. Plaintiff is an innovative company specializing in such consumer products as puzzle boards. Plaintiff's puzzle boards are consistently ranked among the top ten bestselling puzzle board products on Amazon.com.



*A perspective view of the front side of Plaintiff's puzzle board product*



*The back side of Plaintiff's puzzle board product*

9. Defendant Chinese Seller are two individuals residing in China. Defendant Chinese Seller does not manufacture any puzzle board products but buys from Chinese factories and recently began selling them on Amazon for profit.

## FACTS AND HISTORY

10. Amazon delists a product responsive to an accusation of patent infringement. A delisted product may be re-instated when the seller of the product obtains (i) a court order restoring the product listing, (ii) the accuser consents to reinstatement, or (iii) an opinion of non-infringement by a legal counsel. In practice, however, the opinion of counsel never suffices, and the accuser is almost always a direct competitor and thus never consents. A court order is thus almost certainly required to restore a product listing.

11. Knowing that the court-order route would take significant time and efforts, in November 2024, merely a few days before the thanks-giving holiday sales started, Defendant Chinese Seller accused Plaintiff of infringing the ’885 Patent. Defendant Chinese Seller demanded Amazon delist Plaintiff’s puzzle board products having the ASINs B0CYW9MQST and B0CNSS2S59 (collectively, Plaintiff’s Puzzle Board Products).

12. As a result, days before the thanks-giving holiday sales period started, Amazon delisted Plaintiff’s Puzzle Board Products.

13. Plaintiff made strenuous efforts to reinstate the Puzzle Board Products. For example, Defendant Chinese Seller submitted a non-infringement opinion of counsel, but

Amazon refused to reinstate Plaintiff's Puzzle Board Products. Only after Plaintiff filed a declaratory judgment lawsuit like this one, Defendant Chinese Seller withdrew its patent enforcement accusation against Plaintiff.

14. Defendant Chinese Seller is now renewing its efforts to delist Plaintiff's Puzzle Board Products. In early August 2026, Defendant Chinese Selle once again accused Plaintiff's Puzzle Board Products of infringing the '885 Patent.

15. Defendant Chinese Seller's August 2026 patent infringement accusation field with Amazon identified the accuser as Defendant Chinese Seller ("Xiaoling Che and Jinyan Duan"), who claim to be owners of the '855 Patent, and contact email of the accuser is ed@ricetechlaw.com, that of an attorney for Defendant Chinese Seller.

16. Amazon.com is Plaintiff's primary sales channel in the United States. Plaintiff's Puzzle Board Products are thus crucial to Plaintiff's business survival. If Plaintiff's Puzzle Board Products are delisted, Plaintiff will probably go out of business. Thus, Defendant Chinese Seller's patent infringement claim against Plaintiff has caused and continue to cause immediate and irreparable harm to Plaintiff.

## THE ASSERTED PATENT

17. The face page of the '855 Patent lists Defendant Chinese Seller as the inventors, applicants, and owners. *See* **Exhibit A**.

18. The '855 Patent is entitled "movable puzzle platform" and generally discloses "a movable puzzle platform includes a board assembly having a puzzle board

with a puzzle plate and a fixing portion extending from the puzzle plate, a supplement arrangement having a supporting portion attached on a bottom surface of the puzzle board and having a first main supporting wall attached on the bottom surface of the puzzle board, and a restricting wall upwardly extended from the fixing portion of the puzzle board and having a first extending wall stacked on the fixing portion of the puzzle board. The first extending wall and the fixing portion of the puzzle board are successively stacked on the first main supporting wall. The puzzle platform is configured for retaining all the unfinished pieces and while allowing the player to conveniently play puzzles." **Exhibit A**, Abstract Section.

19. The '855 Patent was issued on July 30, 2024. The '855 Patent has two independent claims (Claims 1 and 23) and 27 dependent claims, describing similar movable puzzle platforms.

**COUNT I**

**(Declaratory Judgment Of Non-Infringement Of The '855 Patent)**

20. Plaintiff incorporates by reference the foregoing allegations as if fully set forth in this cause of action.

21. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant Chinese Seller concerning the non-infringement of the '855 Patent by Plaintiff's Puzzle Board Products, as evidenced by Defendant Chinese Seller's complaints of patent infringement with Amazon.

22. Plaintiff's Puzzle Board Products do not infringe any of the claims of the

’855 Patent, because Plaintiff’s Puzzle Board Products do not include all required elements of the independent claims 1 and 23 of the ’855 Patent, either literally or under the doctrine of equivalence.

23. For example, claim 1 of the ‘885 Patent requires at least two extending walls. Each of the two extending walls is stacked on a respective fixing portion, and the respective fixing portion is in turn stacked on a respective main supporting wall.




*Figure 53 of the ‘885 Patent; annotated.*




*Magnified view of the circled portion of Figure 53 of the ‘885 Patent; annotated.*

*Magnified view of the circled portion of Figure 53 of the ‘885 Patent; annotated.*

24. In contrast, as shown in the photos of Plaintiff's Puzzle Board Products, the first wooden block (as circled by the red box) is connected to a wood plate at a first location, while the second wooden block (as circled by the blue box) is connect to the wood plate at a second location—but the first location and the second location are not the same.



*Photo #1 of Plaintiff's Puzzle Board Products; annotated.*



*Photo #2 of Plaintiff's Puzzle Board Products; annotated.*



*Photo #3 of Plaintiff's Puzzle Board Products; annotated.*

25. Thus, Plaintiff's Puzzle Board Products do not infringe at least "the first extending wall and the fixing portion of the puzzle board are successively stacked on the

first main supporting wall" limitation as required in claim 1 of the '885 Patent. Because, in Plaintiff's Puzzle Board Products, an extending wall and an extending portion are "successively stacked" on each other and together on a supporting wall. (*Uniroyal, Inc. v. Rudkin-Wiley Corp.* (Fed.Cir. 1988) 837 F.2d 1044 ["Literal infringement of a patent requires that every limitation of the patent claim must be found in the accused device].)

26. Further, the doctrine of equivalents cannot be applied to interpret the limitations "puzzle plate" and "fixing portion" as referring to a single layer for at least the following reasons.

27. First, the all elements rule bars such a proposed interpretation. Under the all elements rule, there can be no infringement under the doctrine of equivalents if even one limitation of a claim or its equivalent is not present in the accused device. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 935-36, 4 USPQ2d 1737, 1739-40 (Fed. Cir. 1987) (*en banc*). If a court determines that a finding of infringement under the doctrine of equivalents "would entirely vitiate a particular claimed element," then the court should rule that there is no infringement under the doctrine of equivalents. *Bell Atl. Network Servs., Inc. v. Covad Communications Group, Inc.*, 262 F.3d 1258, 1280, 59 USPQ2d 1865, 1889 (Fed. Cir. 2001)

28. Here, all elements rule bars interpreting the limitations "puzzle plate" and "fixing portion" as referring to a single layer. Because doing so would vitiate the "fixing portion" limitation. Second, the public dedication doctrine also bars such a proposed

interpretation. Under the public dedication doctrine, “subject matter disclosed but not claimed in a patent application is dedicated to the public.” (*Maxwell v. J. Baker, Inc.* (Fed.Cir. 1996) 86 F.3d 1098, 1106, citing *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 19 U.S.P.Q.2D (BNA) 1500 (Fed. Cir. 1991).)

29. Here, as explained above, the ‘885 Patent discloses at least two alternative embodiments. In one embodiment, the puzzle plate and the extending portion are described as two different layers (*see* Figure 8 of the ‘885 Patent and its corresponding portion of the Specification); in another one embodiment, the puzzle plate and the extending portion are shown as a single layer (*see* Figure 7 of the ‘885 Patent and its corresponding portion of the Specification).

30. The ‘885 Patent, however, claims the limitations “puzzle plate” and “fixing portion” only as referring to two different layers. Thus, the “public dedication rule” bars interpreting the limitations “puzzle plate” and “fixing portion” as referring to a single layer, because such an embodiment was disclosed but not claimed in ‘885 Patent and has thus been dedicated to the public.

31. Thus, Plaintiff’s Puzzle Board Products also does not infringe independent claims 1 and 23 of the ‘885 Patent under the doctrine of equivalents.

32. Moreover, Plaintiff’s Puzzle Board Products do not infringe dependent claims 2-22 and 24-29. Because claims 2-22 and 24-29 depend, directly or indirectly, from independent claims 1 and 23, respectively. As explained above, Plaintiff’s Puzzle Board

Products also do not infringe, either literally or under the doctrine of equivalents, independent claims 1 and 23.

33. In sum, Plaintiff's Puzzle Board Products do not infringe any claim of the '855 Patent.

34. Defendant Chinese Seller's false infringement complaints with Amazon have caused imminent and real threat of an infringement lawsuit. Plaintiff has also suffered significant damages because Plaintiff's Puzzle Board Products were delisted by Amazon in November 2025 and are threatened to be delisted again in September 2026.

35. Under the Declaratory Judgment Act, Plaintiff requests a court declaration that their Puzzle Board Products do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '855 Patent.

## COUNT II
**(Declaratory Judgment Of Invalidity Of The '855 Patent)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth in this cause of action.

37. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant Chinese Seller concerning the non-infringement of the '855 Patent by Plaintiff's Puzzle Board Products, as evidenced by Defendant Chinese Seller's complaints of patent infringement with Amazon.

38. All the Claims of the '855 Patent are invalid under 35 U.S.C. §§ 102 and 103

in light of at least the prior art described below.

39. First, a first YouTube Video accessible at https://www.youtube.com/watch?v=tUu5bH-loyA became publicly available before the priority date of the ’855 Patent, discloses a puzzle board substantially similar to those described in the ’855 Patent.

40. Second, a second YouTube Video accessible at https://www.youtube.com/watch?v=-Q6rkVcFO7w became publicly available before the priority date of the ’855 Patent, discloses a puzzle board substantially similar to those described in the ’855 Patent.

41. Under the Declaratory Judgment Act, Plaintiff requests a court declaration that all claims of the ’855 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior arts.

**COUNT III**
**(Tortious Interference with Contractual Relations)**

42. Plaintiff incorporates by reference the foregoing allegations as if fully set forth in this cause of action.

43. The elements of a claim for tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant’s knowledge of the contract; (3) the defendant’s intentional procurement of the third-party’s breach of the contract without justification; (4) the defendant’s wrongful conduct

caused the third party to breach the contract; and (5) damages resulting therefrom.

44. Plaintiff has a valid and existing contract with Amazon to sell Plaintiff's Puzzle Board Products through Amazon.com.

45. Defendant Chinese Seller knew Plaintiff's contractual relationship with Amazon.

46. Defendant Chinese Seller, however, intentionally interfered with Plaintiff's contractual relationship with Amazon by making false accusations of patent infringement against Plaintiff with Amazon to have Plaintiff's Puzzle Board Products delisted and unavailable to consumers.

47. As a result of Defendant Chinese Seller's wrongful acts, Plaintiff's Puzzle Board Products was delisted and will become delisted again after a reinstatement, on Amazon.

48. Plaintiff has suffered direct, proximate and foreseeable damages and continue to suffer direct, proximate and foreseeable damages.

49. Defendant Chinese Seller's continuous efforts to have Plaintiff's Puzzle Board Products delisted through improper means was and is unlawful and fraudulent.

50. Plaintiff is thus entitled to equitable remedies and damages in an amount to be proven at trial.

///

## COUNT IV
**(Tortious Interference with Prospective Economic Advantage)**

51. Plaintiff incorporates by reference the foregoing allegations as if fully set forth in this cause of action.

52. The elements of a claim for tortious interference with prospective economic advantage are: (1) the plaintiff had a reasonable expectation of entering into or continuing a valid business relationship with a third party; (2) the defendant knew of that expectation; (3) the defendants intentionally and without justification interfered with that expectation; (4) the defendant's interference prevented the plaintiff's legitimate expectancy from ripening into a valid business relationship and (5) the plaintiff suffered damages as a result of the interference.

53. Plaintiff's ongoing business relationship with Amazon included selling Plaintiff's Puzzle Board Products on Amazon.com; Plaintiff's Puzzle Board Products were delisted and will be delisted again, as a result of Defendant Chinese Seller's false infringement complaint.

54. Plaintiff's ongoing business relationship with Amazon includes the future sale of Plaintiff's Puzzle Board Products which Defendant Chinese Seller claims are infringing.

55. Defendant Chinese Seller's had and continues to know the ongoing relationships and prospective future business arrangements between Plaintiff and Amazon regarding the sales of Plaintiff's Puzzle Board Products.

56. Defendant Chinese Seller intentionally and knowingly made fraudulent assertions of patent infringement, which ultimately caused Amazon to delist and threaten to delist Plaintiff's Puzzle Board Products, denying the future and ongoing business relationship between Plaintiff with Amazon.

57. Defendant Chinese Seller knew that the removal of Plaintiff's Puzzle Board Products would harm Plaintiff's business and would benefit Defendant due to it having less competition. Defendant intended to harm Plaintiff by fraudulently convincing Amazon to delist Plaintiff's Puzzle Board Products.

58. Defendant Chinese Seller has no privilege or justification in interfering with Plaintiff's relationship with Amazon.

59. As a result of Defendant Chinese Seller's interference with Plaintiff's ongoing and future relationship with Amazon, Plaintiff has incurred damages and will continue to incur damages.

60. The damages to Plaintiff included listing removal fees, storage fees, and transportation fees associated with relocating Plaintiff's Puzzle Board Products out of an Amazon storage location.

61. The delisting of and threats to delist Plaintiff's Puzzle Board Products resulted in an immediate and ongoing detrimental impact on Plaintiff's ability to conduct business, remain profitable, and damage Plaintiff's product rankings and reviews, loss of Plaintiff's goodwill and reputation on the Amazon marketplace. The damage to Plaintiff

should Plaintiff's Puzzle Board Products become delisted due to Defendant Chinese Seller's false accusations is irreparable.

62. Plaintiff is thus entitled to equitable remedies and damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and the following relief against Defendant Chinese Seller:

A. Declaring that Plaintiff's Puzzle Board Products do not infringe any of the claims of the '855 Patent;

B. Declaring that the claims of the '855 Patent invalid for failing to satisfy the requirement set forth in 35 U.S.C. Sections 102, 103, 112 or a combination thereof;

C. Preliminary and permanent injunctions ordering Defendant Chinese Seller to withdraw all Amazon infringement complaints lodged against the Plaintiff's Puzzle Board Products based on the '855 Patent, and to refrain from lodging any future similar complaints;

D. A finding that this case is exceptional and an award to Plaintiff its costs, expenses, and reasonable attorney fees under 35 U.S.C § 285;

E. Awarding damages caused by Defendant Chinese Seller's improper acts, doubled or trebled due to the willful and exceptional nature of the case;

F. Awarding compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G. Awarding pre- and post- judgment interest; and

H. Awarding any other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Date: August 29, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA # 279327)
Aptum Law
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*ATTORNEY FOR PLAINTIFF*