UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SHEN ZHEN NUO BEI SHI CHUANG YI FA ZHAN CO., LTD.,

Plaintiff,

v.

XIAOLING CHE and JINYAN DUAN,

Defendants.

Case No. 2:26-cv-01819

Honorable J. Nicholas Ranjan

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........ 2

A. The Amazon dispute and Illinois case. ........ 2

B. The Illinois dismissal. ........ 2

C. The present action. ........ 3

III. ARGUMENT ........ 3

A. Claim preclusion bars Counts I and II against Ms. Che. ........ 3

1. The Illinois dismissal was a final judgment on the merits. ........ 4

2. The parties are the same as to Ms. Che. ........ 4

3. Both actions involve the same causes of action. ........ 4

B. Rule 19 requires dismissal of Counts I and II against Ms. Duan. ........ 5

C. The Court should decline supplemental jurisdiction over Counts III and IV. ........ 7

D. Alternatively, Counts III and IV fail to state a claim upon which relief can be granted because they do not plausibly allege bad-faith patent enforcement. ........ 7

E. Alternatively, the Court lacks personal jurisdiction over Ms. Che and Ms. Duan. ........ 8

IV. CONCLUSION ........ 10

## INDEX OF EXHIBITS

| **Exhibit** | **Description** |
|---|---|
| Exhibit A | Complaint filed in *Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. et al. v. Che*, No. 1:25-cv-00845 (N.D. Ill. January 24, 2025) |
| Exhibit B | Docket, *Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. et al. v. Che*, No. 1:25-cv-00845 (N.D. Ill.), |
| Exhibit C | Minute Entry, *Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. et al. v. Che*, No. 1:25-cv-00845 (N.D. Ill. May 15, 2025) |
| Exhibit D | Dismissal Order, *Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. et al. v. Che*, No. 1:25-cv-00845 (N.D. Ill. June 20, 2025) |

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*A123 Sys., Inc. v. Hydro-Québec*,
626 F.3d 1213 (Fed. Cir. 2010)........6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........8

*Davis v. United States Steel Supply, Div. of United States Steel Corp.*,
688 F.2d 166 (3d Cir. 1982)........4

*Globetrotter Software, Inc. v. Elan Comput. Grp, Inc.*,
362 F.3d 1367 (Fed. Cir. 2004)........8

*Kach v. Hose*,
589 F.3d 626 (3d Cir. 2009)........7

*Landon v. Hunt*,
977 F.2d 829 (3d Cir. 1992)........4

*Lite-Netics, LLC v. Nu Tsai Capital LLC*,
60 F.4th 1335 (Fed. Cir. 2023)........8

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007)........9

*Overseas Lease Grp., Inc. v. Plocher Constr. Co.*,
800 F. App'x 79 (3d Cir. 2020)........3

*Weinberg v. Kaplan, LLC*,
699 F. App'x 118 (3d Cir. 2017)........4

**STATUTES**

28 U.S.C. § 1367(c)(3)........7

42 Pa. Cons. Stat. Ann. § 5322........9

**RULES**

Fed. R. Civ. P. 4(k)(1)(A) ..... 9

Fed. R. Civ. P. 12(b)(1) ..... 7

Fed. R. Civ. P. 12(b)(2) ..... 8, 9

Fed. R. Civ. P. 12(b)(6) ..... 5, 8

Fed. R. Civ. P. 12(b)(7) ..... 6

Fed. R. Civ. P. 19(a)(1) ..... 5

Fed. R. Civ. P. 19(b)(1)-(3) ..... 6

Fed. R. Civ. P. 41(b) ..... 4

## I. INTRODUCTION

This action repeats patent claims that Nuo Bei Shi previously filed against Ms. Che in the Northern District of Illinois and that Judge Manish S. Shah dismissed with prejudice after Nuo Bei Shi failed to prosecute them. The present complaint seeks declarations that the same ’885 patent is invalid and that the same accused products do not infringe. Those claims should not proceed a second time.

First, claim preclusion bars Counts I and II against Ms. Che. The Illinois case ended in a final judgment on the merits, involved the same parties as to Ms. Che, and asserted the same causes of action based on the same patent and the same accused products.

Second, Rule 19 requires dismissal of Counts I and II against Ms. Duan as well. The present complaint alleges that Ms. Che and Ms. Duan co-own the ’885 patent. Once claim preclusion removes Ms. Che from the merits adjudication, the Court cannot adjudicate the validity and infringement of the jointly owned patent while protecting Ms. Che’s interest.

Third, after dismissing the federal patent claims, the Court should decline supplemental jurisdiction over Counts III and IV, which assert state-law tortious-interference claims. Alternatively, those counts fail under Rule 12(b)(6) because the complaint does not plausibly allege objectively baseless, bad-faith patent enforcement.

Ms. Che and Ms. Duan also alternatively move to dismiss the Complaint because it fails to allege facts sufficient to support personal jurisdiction.

The relevant history is short. Ms. Che asserted the ’885 patent against Nuo Bei Shi’s products through Amazon in November 2024. Amazon initially removed these product listings. Nuo Bei Shi responded by filing the Illinois case in January 2025, asserting declaratory judgment counts for non-infringement and patent invalidity, as well as for state law tortious interference claims. Amazon then relisted the products. In June 2025, Judge Shah dismissed the Illinois case

with prejudice. Nuo Bei Shi did not appeal or otherwise contest the dismissal. After Ms. Che and Ms. Duan asserted the ’885 patent against the same Nuo Bei Shi products in another Amazon patent complaint in August 2026, Nuo Bei Shi filed this action against both Ms. Che and Ms. Duan, asserting the same declaratory judgment claims for non-infringement and invalidity. It also asserted state law tortious interference claims, based on the August 2026 Amazon complaint.

For these reasons, Counts I and II should be dismissed with prejudice as to Ms. Che and dismissed under Rule 19 as to Ms. Duan. Counts III and IV should be dismissed without prejudice for lack of supplemental jurisdiction or, alternatively, under Rule 12(b)(6). Alternatively, the Complaint should be dismissed for lack of personal jurisdiction over Defendants.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Amazon dispute and Illinois case.

In November 2024, Ms. Che submitted a patent-infringement complaint to Amazon seeking removal of puzzle-board listings sold by Nuo Bei Shi and Shenzhen Mumuwan Maoyi Youxian Gong Si based on the ’885 patent. Dkt. 1 ¶¶ 11, 34. On January 24, 2025, Nuo Bei Shi and Mumuwan responded by filing a declaratory-judgment action against Ms. Che in the Northern District of Illinois. Complaint, *Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. et al. v. Che*, No. 1:25-cv-00845 (N.D. Ill. Jan. 24, 2025), attached as Exhibit A.

The Illinois complaint sought declarations that the ’885 patent is invalid and not infringed. Exhibit A at 5 ¶ 17–11 ¶ 39. It specifically identified Nuo Bei Shi’s puzzle-board products sold under ASINs B0CYW9MQST and B0CNSS2S59. *Id*. at 4 ¶ 12. It also asserted tortious-interference claims based on Ms. Che’s Amazon patent complaint. *Id*. at 11 ¶ 27–13 ¶ 47.

### B. The Illinois dismissal.

Nuo Bei Shi did not request issuance of a summons and did not comply with Judge Shah’s order to file a status report. *See* Docket, *Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. et*

*al. v. Che*, No. 1:25-cv-00845 (N.D. Ill.), attached as Exhibit B. Judge Shah then warned that continued noncompliance would result in dismissal with prejudice. May 15, 2025 Minute Entry, *id.*, attached as Exhibit C. When Nuo Bei Shi again failed to comply, Judge Shah dismissed the case "with prejudice for want of prosecution" and directed entry of judgment. June 20, 2025 Order, *id.*, attached as Exhibit D.

**C. The present action.**

In August 2026, Ms. Che and Ms. Duan submitted another patent-infringement complaint to Amazon asserting the '885 patent against products sold by Nuo Bei Shi and Mumuwan. Dkt. 1 ¶¶ 14–15. On August 29, 2026, Nuo Bei Shi filed this action. The present complaint again seeks declarations of noninfringement and invalidity of the '885 patent and again identifies ASINs B0CYW9MQST and B0CNSS2S59. *Id.* ¶¶ 11, 20–41. It also repeats the same invalidity theories based on the same two YouTube videos identified in the Illinois complaint. Dkt. 1 ¶¶ 36–41.

The present complaint also asserts tortious-interference claims arising from the August 2026 Amazon enforcement. Dkt. 1 ¶¶ 42–62.

## III. ARGUMENT

**A. Claim preclusion bars Counts I and II against Ms. Che.**

Nuo Bei Shi already litigated these declaratory judgment claims against Ms. Che in Illinois. Judge Shah dismissed that case with prejudice after Nuo Bei Shi failed to prosecute it. Nuo Bei Shi now asserts the same patent claims against Ms. Che in this Court. Although the present complaint refers generally to a prior "declaratory judgment lawsuit like this one," it does not disclose that Judge Shah dismissed that case with prejudice. Dkt. 1 ¶ 13. The Court may take judicial notice of the public record of the Illinois case when deciding claim preclusion. *Overseas Lease Grp., Inc. v. Plocher Constr. Co.*, 800 F. App'x 79, 81 n.7 (3d Cir. 2020).

All three requirements for claim preclusion are met. A later claim is barred when there is "(1) a final judgment on the merits in a prior action involving (2) the same parties (or their privies) and (3) the same cause of action." *Weinberg v. Kaplan, LLC*, 699 F. App'x 118, 120 (3d Cir. 2017).

**1. The Illinois dismissal was a final judgment on the merits.**

The Illinois dismissal satisfies the final-judgment requirement. Rule 41(b) provides that, unless the dismissal order states otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Third Circuit likewise recognizes that a Rule 41(b) dismissal for failure to prosecute operates as an adjudication on the merits. *Landon v. Hunt*, 977 F.2d 829, 832–33 (3d Cir. 1992).

Judge Shah also expressly dismissed the Illinois case "with prejudice for want of prosecution" and directed entry of judgment. Exhibit D. The Illinois case therefore ended in a final judgment on the merits for claim-preclusion purposes.

**2. The parties are the same as to Ms. Che.**

The second requirement is also satisfied. Nuo Bei Shi sued Ms. Che in Illinois and sues Ms. Che again here. Adding Ms. Duan as a second defendant does not alter the final judgment between Nuo Bei Shi and Ms. Che. Nuo Bei Shi cannot avoid that judgment by filing the same claims in a new court and adding another defendant.

**3. Both actions involve the same causes of action.**

The two cases arise from the same underlying events and seek the same relief. The Third Circuit asks whether there is an "essential similarity of the underlying events giving rise to the various legal claims." *Davis v. United States Steel Supply, Div. of United States Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982).

Both cases seek declarations of noninfringement and invalidity of the ’885 patent. *Compare* Exhibit A at 1, introductory paragraph *with* Dkt. 1 at 1, introductory paragraph. Both involve the same accused puzzle-board products sold under ASINs B0CYW9MQST and B0CNSS2S59. *Compare* Exhibit A at 4 ¶ 12 *with* Dkt. 1 ¶ 11. And the present complaint repeats the same noninfringement allegations and substantially the same invalidity allegations, including reliance on the same two YouTube videos. *Compare* Exhibit A at 5 ¶ 17–11 ¶ 39 *with* Dkt. 1 ¶¶ 20–41.

The present patent claims therefore involve the same causes of action that Judge Shah dismissed with prejudice. Accordingly, Defendants ask this Court to dismiss Counts I and II against Ms. Che under Fed. R. Civ. P. 12(b)(6) because they are barred by claim preclusion.

**B. Rule 19 requires dismissal of Counts I and II against Ms. Duan.**

Claim preclusion removes Ms. Che from the merits adjudication of Counts I and II. Because the present complaint alleges that Ms. Che and Ms. Duan co-own the ’885 patent, the same counts cannot proceed against Ms. Duan alone.

Nuo Bei Shi seeks declarations that its accused products do not infringe the ’885 patent and that every claim of the patent is invalid. Dkt. 1 ¶¶ 21–35, 37–41. The complaint also alleges that Ms. Che and Ms. Duan are the inventors, applicants, and co-owners of the patent. *Id.* ¶ 17. Each therefore owns an undivided interest in the patent whose validity and infringement Nuo Bei Shi asks the Court to adjudicate.

Ms. Che is a required party under Rule 19(a). Rule 19(a) requires joinder when the Court cannot accord complete relief among the existing parties in the person’s absence, or when the absent person claims an interest relating to the action and adjudication in that person’s absence may impair that interest or expose an existing party to inconsistent obligations. Fed. R. Civ. P. 19(a)(1).

Patent law reinforces that conclusion. A patent owner ordinarily must participate in an action seeking declarations of invalidity or noninfringement because the judgment directly affects the owner's rights. *A123 Sys. v. Hydro-Québec*, 626 F.3d 1213, 1220–22 (Fed. Cir. 2010) (affirming dismissal where the patent owner could not be joined and the Rule 19(b) factors favored dismissal).

A judgment here would directly affect Ms. Che's ownership interest. Nuo Bei Shi seeks a declaration that its products do not infringe any claim of the '885 patent and that all claims are invalid. Dkt. 1 ¶¶ 22, 35, 38, 41. Those declarations concern the patent itself, not merely Ms. Duan's share.

Claim preclusion makes Ms. Che's joinder infeasible for a merits adjudication of Counts I and II. But Ms. Che remains a co-owner of the '885 patent, and Nuo Bei Shi seeks declarations concerning the validity and infringement of that patent. The Court therefore must determine under Rule 19(b) whether those claims may proceed in Ms. Che's absence.

The Rule 19(b) factors favor dismissal. Adjudicating validity or infringement while Ms. Che is absent would prejudice her ownership interest in the '885 patent. Fed. R. Civ. P. 19(b)(1). The Court cannot avoid that prejudice by narrowing the relief because Nuo Bei Shi seeks declarations concerning the validity of the patent itself and whether its products infringe that patent. Fed. R. Civ. P. 19(b)(2). Nor would a judgment against Ms. Duan alone provide an adequate resolution of the controversy: it would adjudicate the same patent rights as to one co-owner while leaving the other co-owner outside the judgment. Fed. R. Civ. P. 19(b)(3). Because Ms. Che cannot participate in a merits adjudication of these claims, equity and good conscience favor dismissal of Counts I and II against Ms. Duan. Accordingly, Defendants ask this Court to dismiss Counts I and II against Ms. Duan under Fed. R. Civ. P. 12(b)(7).

### C. The Court should decline supplemental jurisdiction over Counts III and IV.

Counts III and IV are state-law tortious-interference claims. The present complaint invokes federal-question jurisdiction only through Counts I and II, which seek declaratory relief under the Patent Act and Declaratory Judgment Act. Dkt. 1 ¶ 4. It alleges no independent basis for original jurisdiction over Counts III and IV and does not invoke diversity jurisdiction. *Id.* ¶¶ 1, 9, 42–62.

Once Counts I and II are dismissed, no claim within the Court's original jurisdiction will remain. Section 1367(c)(3) authorizes the Court to decline supplemental jurisdiction after it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Third Circuit directs courts to consider "judicial economy, convenience, and fairness" in deciding whether to retain the remaining state-law claims. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements*, 101 F.3d 1492, 1505 (3d Cir. 1996) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966))).

Those considerations favor dismissal without prejudice. This case remains at the pleading stage, and the Court has not invested substantial resources in adjudicating the state-law claims. Once the patent claims are dismissed, there is no reason to retain supplemental jurisdiction over Counts III and IV. Accordingly, Defendants ask this Court to dismiss Counts III and IV under Fed. R. Civ. P. 12(b)(1).

### D. Alternatively, Counts III and IV fail to state a claim upon which relief can be granted because they do not plausibly allege bad-faith patent enforcement.

Counts III and IV rest on Ms. Che's and Ms. Duan's assertion to Amazon that Nuo Bei Shi's puzzle-board products infringe the '885 patent. Nuo Bei Shi labels that assertion "false," "fraudulent," and "unlawful," but pleads no facts showing that the patent-enforcement communication was objectively baseless. Dkt. 1 ¶¶ 46, 49, 56–57.

Nuo Bei Shi cannot avoid federal patent-law preemption without plausibly alleging bad faith. "The federal patent laws preempt state laws that impose tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent." *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004). The objective component is a threshold requirement: the assertion must be so meritless that "no reasonable litigant could realistically expect success on the merits." *Lite-Netics, LLC v. Nu Tsai Capital LLC*, 60 F.4th 1335, 1343 (Fed. Cir. 2023) (quoting *GP Indus. V. Eran Indus.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007) (quoting *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60 (1993))).

The present complaint does not plead facts meeting that standard. It alleges that Ms. Che and Ms. Duan own the '885 patent and asserted it against Nuo Bei Shi's products through Amazon. Dkt. 1 ¶¶ 17–19, 21–33. Even if Nuo Bei Shi were correct that its products do not infringe, that would not render the assertion of infringement objectively baseless. *Lite-Netics*, 60 F.4th at 1344 ("An incorrect allegation of patent infringement is not necessarily objectively baseless").

Nor do the complaint's labels supply the missing facts. Even if the words "false," "fraudulent," and "unlawful" imply bad faith, courts need not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because the complaint pleads no nonconclusory facts showing objectively baseless patent enforcement, Counts III and IV are preempted and should be dismissed under Rule 12(b)(6).

### E. Alternatively, the Court lacks personal jurisdiction over Ms. Che and Ms. Duan.

Alternatively, the Court should dismiss the Complaint under Rule 12(b)(2) because it fails to allege facts sufficient to support personal jurisdiction.

A federal court ordinarily may exercise personal jurisdiction only to the extent authorized by the law of the state in which it sits. Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania's long-arm statute (42 Pa. Cons. Stat. Ann. § 5322) permits Pennsylvania courts to exercise personal jurisdiction over a defendant to the fullest extent permitted by the U.S. Constitution. It requires facts showing that each defendant purposefully directed activities at Pennsylvania and that the litigation arises from or relates to those activities. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

The Complaint does not allege those facts. The Complaint alleges that the wrongful conduct giving rise to Nuo Bei Shi's claims was Ms. Che and Ms. Duan's submission of patent infringement complaints to Amazon seeking to have Nuo Bei Shi's products delisted. Dkt. 1 ¶¶ 2, 5, 10-16. The Complaint does not allege that those infringement complaints were submitted in Pennsylvania, directed to anyone in Pennsylvania, specifically targeted Nuo Bei Shi's activities in Pennsylvania, or otherwise arose out of or related to Ms. Che or Ms. Duan's sales to Pennsylvania consumers.

Although the Complaint alleges that Defendants "directly target[] business activities toward consumers" in Pennsylvania through their Amazon store and have caused "significant harm to Plaintiff's sales in this District" (Dkt. 1 ¶ 7), it alleges no connection between those Pennsylvania-directed sales activities and the conduct giving rise to Nuo Bei Shi's claims. Nor does the Complaint allege any particular connection between Nuo Bei Shi and Pennsylvania that would explain why the effects of Defendants' alleged conduct were suffered in Pennsylvania, rather than elsewhere in the United States. Because the Complaint fails to allege that Nuo Bei Shi's claims arise out of or relate to Defendants' Pennsylvania-directed activities, Nuo Bei Shi has failed to establish specific personal jurisdiction, and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Counts I and II with prejudice as to Ms. Che because they are barred by claim preclusion, and dismiss Counts I and II as to Ms. Duan under Rules 12(b)(7) and 19. Defendants further request that the Court decline to exercise supplemental jurisdictions over Counts III and IV and dismiss those claims without prejudice under 28 U.S.C. § 1367(c)(3) or, alternatively, dismiss Counts III and IV under Rule 12(b)(6). Alternatively, Defendants request that the Court dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction over Defendants.

If dismissal results in judgment in favor of Ms. Che and Ms. Duan, Defendants reserve the right to seek reasonable attorney fees under 35 U.S.C. § 285 by separate post-judgment motion under Rule 54(d)(2).

Respectfully submitted,

Dated: September 15, 2026

/s/ Marina N. Saito

Edward H. Rice (IL 6,199,115)
Marina N. Saito (IL 6,230,179)
Steven M. Lubezny (IL 6,275,394)
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Defendants,*
*Xiaoling Che and Jinyan Duan*