# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEN ZHEN NUO BEI SHI CHUANG YI FA ZHAN CO., LTD. and SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI,<br><br>*Plaintiffs*,<br><br>v.<br><br>XIAOLING CHE,<br><br>Defendants. | Civil Action No.: 1:25-cv-00845<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. and Shenzhen Mumuwan Maoyi Youxian Gong Si complain against Defendant Xiaoling Che, seeking a court declaration of non-infringement and invalidity of U.S. Patent No. 12,048,885 B2 ('885 Patent). Plaintiffs allege as follows:

**INTRODUCTION**

1. Defendant Che (Defendant Chinese Seller) is a Chinese citizen residing in China. Recently, Defendant Chinese Seller began competing with Plaintiffs to sell certain puzzle board products off Amazon.com.

2. To smother competition and keep price up, Defendant Chinese Seller falsely complained against two Plaintiffs with Amazon for infringing a utility patent he purportedly co-owns with another Chinese individual; the other co-owner, however, has no complaint against

Plaintiffs' products. A patent cannot be enforced unless all owners consent to the enforcement.

3. Further, a careful analysis shows that Plaintiffs' products did not infringe the asserted patent, because Plaintiffs' products did not include all functional features required in the asserted patent. Thus, the Court should declare that the accused products do not infringe the asserted patent so that consumers can once again enjoy Plaintiffs' higher quality, lower priced competing products.

## JURISDICTION AND VENUE

4. First, this Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a). Because this action arises under the laws of the United States, e.g., the Patent Act of the United States, 35 U.S.C. § 100 *et seq*., and because an actual case or controversy exists among the parties to this action.

5. For example, Defendant Chinese Seller has made and continues to make Plaintiffs' puzzle boards unavailable from consumers on Amazcon.com through false accusations of patent infringement.

6. Second, this Court may properly exercise personal jurisdiction over Defendant Chinese Seller because he purposefully availed himself with this District by filing countless lawsuit against his competitors in this Court. For example, Defendant Chinese Seller already filed a patent infringement lawsuit against peer Amazon sellers in this District (case number 24-cv-9573). By initiating legal action in this Court, Defendant Chinese Seller has purposefully invoked the benefits and protections of this District, establishing sufficient contacts with this District. Defendant Chinese Seller's significant prior and pending litigations demonstrates a deliberate choice to avail himself to this Court, supporting this Court's exercising personal jurisdiction over him.

7. Third, venue is also proper in this Court under 28 U.S.C.§ 1391, because he directly targets business activities toward consumers in the United States, including the State of Illinois, through his fully interactive e-commerce Amazon store. Defendant Chinese Seller is engaging in

interstate commerce and has wrongfully accused Plaintiffs of infringement in the United States, including the State of Illinois. Defendant Chinese Seller has caused and continues to cause significant harm to Plaintiffs' sales in this District.

## THE PARTIES

8. Plaintiffs are two innovative companies specialized in such consumer products as puzzle boards. Plaintiffs' puzzle boards are consistently ranked among the top ten bestselling puzzle board products on Amazon.com.



*A perspective view of the front side of Plaintiffs' puzzle board product*



*The back side of Plaintiffs' puzzle board product*

9. Defendant Chinese Seller is an individual residing in China. Defendant does not manufacture any puzzle board products but buys from Chinese factories and recently began selling

them on Amazon for profit.

## FACTS AND HISTORY

11. Amazon delists a product responsive to any allegation of patent infringement, unless the seller obtains (i) a court order restoring the product listing, (ii) the accuser's consent to list, or (iii) a counsel's opinion of non-infringement. In practice, however, the opinion of counsel never suffices, and the accuser is almost always a direct competitor and thus never consents. A court order is thus almost certainly required to restore a product listing.

12. Knowing that the court-order routine would take significant time and efforts, in November 2024, merely a few days before the thanks-giving holiday sales were to start, Defendant Chinese Seller accused Plaintiffs of infringing the '885 Patent. Defendant Chinese Seller demanded Plaintiffs' puzzle board products having the ASINs B0D49HG8GF, B0CZCSVXKW, B0CYW9MQST, and B0CNSS2S59[1] be made unavailable to consumers.

13. As a result, days before the thanks-giving holiday sales period were to start, Amazon removed Plaintiffs' above-identified products. To date, despite Plaintiff's strenuous efforts to resolve the complaints with Amazon by submitting an opinion of counsel (**Exhibit A**), Plaintiffs' Puzzle Board Products have not been restored.

14. One example notice of patent infringement claim and product listing removal Amazon sent to Plaintiffs is attached to this Complaint as **Exhibit B.** The notice identified the accuser as Defendant Chinese Seller, who claims to be a co-owner of the '855 Patent, and contact email of the accuser is john.handy@rimonlaw.com, that of an attorney for Defendant Chinese Seller. ***See* Exhibit B**.

15. Amazon.com is Plaintiffs' primary sales channel in the United States. Plaintiffs' Puzzle Board Products are thus crucial to Plaintiffs' business survival. If Plaintiffs' Puzzle Board Products are

[1] Products removed under these four ASINS are collectively referred to as Plaintiffs' Puzzle Board Products in this Complaint.

not reinstated for sales, Plaintiffs will probably go out of business. Thus, Defendant Chinese Seller's patent infringement claim against Plaintiffs have caused and continue to cause immediate and irreparable harm to Plaintiffs.

**THE ASSERTED PATENT**

14. The face of the '855 Patent lists Defendant Chinese Seller as one of the two inventors, applicants, and owners. *See* **Exhibit C**.

15. The '855 Patent is entitled "movable puzzle platform" and generally discloses "a movable puzzle platform includes a board assembly having a puzzle board with a puzzle plate and a fixing portion extending from the puzzle plate, a supplement arrangement having a supporting portion attached on a bottom surface of the puzzle board and having a first main supporting wall attached on the bottom surface of the puzzle board, and a restricting wall upwardly extended from the fixing portion of the puzzle board and having a first extending wall stacked on the fixing portion of the puzzle board. The first extending wall and the fixing portion of the puzzle board are successively stacked on the first main supporting wall. The puzzle platform is configured for retaining all the unfinished pieces and while allowing the player to conveniently play puzzles." **Exhibit C**, Abstract Section.

16. The '855 Patent was issued on July 30, 2024. The '855 Patent has two independent claims (Claims 1 and 23) and 27 dependent claims, describing similar movable puzzle platforms.

**COUNT I**
**(Declaratory Judgment Of Non-Infringement Of The '855 Patent)**

17. Plaintiff incorporates by reference the foregoing allegations as if fully set forth in this cause of action.

18. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant Chinese Seller concerning the non-infringement of the '855 Patent by Plaintiffs' Puzzle

Board Products, as evidenced by Defendant Chinese Seller's complaints of patent infringement with Amazon.

19. Plaintiffs' Puzzle Board Products do not infringe any of the claims of the '855 Patent, because Plaintiffs' Puzzle Board Products do not include all required elements of the independent claims 1 and 23 of the '855 Patent, either literally or under the doctrine of equivalence.

20. For example, claim 1 of the '885 Patent requires at least two extending walls. Each of the two extending walls is stacked on a respective fixing portion, and the respective fixing portion is in turn stacked on a respective main supporting wall.




*Figure 53 of the '885 Patent; annotated.*




*Magnified view of the circled portion of Figure 53 of the '885 Patent; annotated.*

27. In contrast, as shown in the photos of Plaintiffs' Puzzle Board Products, the first wooden block (as circled by the red box) is connected to a wood plate at a first location, while the second wooden block (as circled by the blue box) is connect to the wood plate at a second location—but the first location and the second location are not the same.



*Photo #1 of Plaintiffs' Puzzle Board Products; annotated.*



*Photo #2 of Plaintiffs' Puzzle Board Products; annotated.*



*Photo #3 of Plaintiffs' Puzzle Board Products; annotated.*

28. Thus, Plaintiffs' Puzzle Board Products do not infringe at least "the first extending wall and the fixing portion of the puzzle board are successively stacked on the first main supporting wall" limitation as required in claim 1 of the '885 Patent. Because, in Plaintiffs' Puzzle Board Products, an extending wall and an extending portion are "successively stacked" on each other and together on a supporting wall. (*Uniroyal, Inc. v. Rudkin-Wiley Corp.* (Fed.Cir. 1988) 837 F.2d 1044 ["Literal infringement of a patent requires that every limitation of the patent claim must be found in the accused device].)

29. Thus, Plaintiffs' Puzzle Board Products do not literally infringe at least the "the first extending wall and the fixing portion of the puzzle board are successively stacked on the first main supporting wall" limitations as required in claim 1. Because both the extending wall and the fixing portion as defined in the '885 Patent are not found in Plaintiffs' Puzzle Board Products. (*Uniroyal, Inc. v. Rudkin-Wiley Corp.* (Fed.Cir. 1988) 837 F.2d 1044 ["Literal infringement of a patent requires that every limitation of the patent claim must be found in the accused device].)

30. Further, the doctrine of equivalents cannot be applied to interpret the limitations "puzzle plate" and "fixing portion" as referring to a single layer for at least the following reasons.

31. First, the all elements rule bars such a proposed interpretation. Under the all elements rule, there can be no infringement under the doctrine of equivalents if even one limitation of a claim or its equivalent is not present in the accused device. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 935-36, 4 USPQ2d 1737, 1739-40 (Fed. Cir. 1987) (*en banc*). If a court determines that a finding of infringement under the doctrine of equivalents "would entirely vitiate a particular claimed element," then the court should rule that there is no infringement under the doctrine of equivalents. *Bell Atl. Network Servs., Inc. v. Covad Communications Group, Inc.*, 262 F.3d 1258, 1280, 59 USPQ2d 1865, 1889 (Fed. Cir. 2001)

32. Here, all elements rule bars interpreting the limitations "puzzle plate" and "fixing portion" as referring to a single layer. Because doing so would vitiate the "fixing portion" limitation. Second, the public dedication doctrine also bars such a proposed interpretation. Under the public dedication doctrine, "subject matter disclosed but not claimed in a patent application is dedicated to the public." (*Maxwell v. J. Baker, Inc.* (Fed.Cir. 1996) 86 F.3d 1098, 1106, citing *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 19 U.S.P.Q.2D (BNA) 1500 (Fed. Cir. 1991).)

33. Here, as explained above, the '885 Patent discloses at least two alternative embodiments. In one embodiment, the puzzle plate and the extending portion are described as two different layers (*see* Figure 8 of the '885 Patent and its corresponding portion of the Specification); in another one embodiment, the puzzle plate and the extending portion are shown as a single layer (*see* Figure 7 of the '885 Patent and its corresponding portion of the Specification).

34. The '885 Patent, however, claims the limitations "puzzle plate" and "fixing portion" only as referring to two different layers. Thus, the "public dedication rule" bars interpreting the limitations "puzzle plate" and "fixing portion" as referring to a single layer, because such an embodiment was disclosed but not claimed in '885 Patent and has thus been dedicated to the public.

35. Thus, Plaintiffs' Puzzle Board Products also does not infringe independent claims 1 and 23 of the '885 Patent under the doctrine of equivalents.

36. Moreover, Plaintiffs' Puzzle Board Products do not infringe dependent claims 2-22 and 24-29. Because claims 2-22 and 24-29 depend, directly or indirectly, from independent claims 1 and 23, respectively. As explained above, Plaintiffs' Puzzle Board Products also do not infringe, either literally or under the doctrine of equivalents, independent claims 1 and 23.

37. In sum, Plaintiffs' Puzzle Board Products do not infringe any claim of the '855 Patent.

38. Defendant Chinese Seller's false infringement complaints with Amazon have caused imminent and real threat of an infringement lawsuit. Plaintiffs have also suffered significant damages because their numerous products listings were removed by Amazon.

39. Under the Declaratory Judgment Act, Plaintiffs request a court declaration that their Puzzle Board Products do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '855 Patent.

**COUNT II**
**(Declaratory Judgment Of Invalidity Of The '855 Patent)**

40. Plaintiff incorporates by reference the foregoing allegations as if fully set forth in this cause of action.

41. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant Chinese Seller concerning the non-infringement of the '855 Patent by Plaintiffs' Puzzle Board Products, as evidenced by Defendant Chinese Seller's complaints of patent infringement with Amazon.

42. All the Claims of the '855 Patent are invalid under 35 U.S.C. §§ 102 and 103 in light of at least the prior art described below.

43. First, a first YouTube Video accessible at https://www.youtube.com/watch?v=tUu5bH-loyA became publicly available before the priority date of the'855 Patent, discloses a puzzle board substantially similar to those described in the '855 Patent.

44. Second, a second YouTube Video accessible at https://www.youtube.com/watch?v=-Q6rkVcFO7w became publicly available before the priority date of the'855 Patent, discloses a puzzle board substantially similar to those described in the '855 Patent.

38. Defendant Chinese Seller's false infringement complaints with Amazon have caused imminent and real threat of an infringement lawsuit. Plaintiffs have also suffered significant damages because their numerous products listings were removed by Amazon.

39. Under the Declaratory Judgment Act, Plaintiffs request a court declaration that all claims of the '855 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior arts.

**COUNT III**
**(Tortious Interference with Contractual Relations)**

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth in this cause of action.

28. The elements of a claim for tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) the defendant's wrongful conduct caused the third party to breach of the contract; and (5) damages resulting therefrom.

29. Plaintiffs have a valid and existing contract with Amazon to sell Plaintiffs' Puzzle Board Products through Amazon.com.

30. Defendant Chinese Seller knew Plaintiffs' contractual relationships with Amazon.

31. Defendant Chinese Seller, however, intentionally interfered with Plaintiffs' contractual relationships with Amazon by making false accusations of patent infringement against Plaintiffs with Amazon to make Plaintiffs' Puzzle Board Products become delisted and unavailable to consumers.

32. As a result of Defendant Chinese Seller's wrongful acts, Plaintiffs' Puzzle Board Products became delisted and unavailable to consumers, on Amazon.

33. Plaintiffs have suffered direct, proximate and foreseeable damages and continue to suffer direct, proximate and foreseeable damages.

34. Defendant Chinese Seller's efforts to have Plaintiffs' Puzzle Board Products delisted through improper means was and is unlawful and fraudulent.

35. Plaintiffs are thus entitled to equitable remedies and damages in an amount to be proven at trial.

**COUNT IV**
**(Tortious Interference with Prospective Economic Advantage)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth in this cause of action.

37. The elements of a claim for tortious interference with prospective economic advantage are: (1) the plaintiff had a reasonable expectation of entering into or continuing a valid business relationship with a third party; (2) the defendant knew of that expectation; (3) the defendants intentionally and without justification interfered with that expectation; (4) the defendant's interference prevented the plaintiff's legitimate expectancy from ripening into a valid business relationship and (5) the plaintiff suffered damages as a result of the interference.

38. Plaintiffs' ongoing business relationship with Amazon included selling Plaintiffs' Puzzle Board Products through Amazon.com; Plaintiffs' Puzzle Board Products have now been delisted as a result of Defendant Chinese Seller's false infringement complaint.

39. Plaintiffs' ongoing business relationship with Amazon includes the future sale of Plaintiffs' Puzzle Board Products which Defendant Chinese Seller claims are infringing.

40. Defendant Chinese Seller's had and continues to know the ongoing relationships and prospective future business arrangements between Plaintiffs and Amazon regarding the sales of Plaintiffs' Puzzle Board Products.

41. Defendant Chinese Seller intentionally and knowingly made fraudulent assertions of patent infringement, which ultimately caused Amazon to remove Plaintiffs' Puzzle Board Products, thus denying the future and ongoing business relationship between Plaintiffs with Amazon.

42. Defendant Chinese Selle knew that the removal of Plaintiffs' Puzzle Board Products would harm Plaintiff's business and would benefit Defendant due to it having less competition. Defendant

intended to harm Plaintiff by fraudulently convincing Amazon to remove Plaintiffs' Puzzle Board Products.

43. Defendant Chinese Seller has no privilege or justification in interfering with Plaintiffs' relationship with Amazon.

44. As a result of Defendant Chinese Seller's interference with Plaintiffs' ongoing and future relationship with Amazon, Plaintiffs' have incurred damages and will continue to incur damages.

45. The damages to Plaintiffs included listing removal fees, transport fees, and fees associated with transportation of the delisted Plaintiffs' Puzzle Board Products.

46. The delisting of Plaintiffs' Puzzle Board Products resulted in an immediate and ongoing detrimental impact on Plaintiffs' ability to conduct business, remain profitable, and damage Plaintiffs' product's rankings and reviews, loss of Plaintiffs' goodwill and reputation on the Amazon marketplace. The damage to Plaintiffs should Plaintiffs' Puzzle Board Products remain delisted as a result of Defendant Chinese Seller's false accusations is irreparable.

47. Plaintiffs are thus entitled to equitable remedies and damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and the following relief against Defendant Chinese Seller:

A. Declaring that Plaintiffs' Puzzle Board Products do not infringe any of the claims of the '855 Patent;

B. Declaring that the claims of the '855 Patent invalid for failing to satisfy the requirement set forth in 35 U.S.C. §§ 102, 103 and/or 112;

C. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiffs' Puzzle Board Products based on the '855 Patent, and to refrain from lodging any future similar complaints;

D. A finding that this case is exceptional and an award to Plaintiffs their costs, expenses, and reasonable attorney fees under 35 U.S.C § 285;

E. Awarding Plaintiff damages caused by Defendant Chinese Seller's improper acts, doubled or trebled due to the willful and exceptional nature of the case;

F. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G. Awarding pre- and post- judgment interest; and

H. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: January 22, 2025

Respectfully submitted,

Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*Attorneys for Plaintiffs*