UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEN ZHEN NUO BEI SHI CHUANG YI FA ZHAN CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>XIAOLING CHE and JINYAN DUAN,<br><br>Defendants. | Case No. 2:26-cv-01819<br><br>Honorable J. Nicholas Ranjan |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS**

## I. INTRODUCTION

Plaintiff Nuo Bei Shi filed this action after the Northern District of Illinois dismissed substantially the same patent claims with prejudice for failure to prosecute. Before Defendants filed their motion to dismiss, they explained the grounds for dismissal, including the effect of the Illinois judgment, and asked Nuo Bei Shi to dismiss its Complaint voluntarily. Nuo Bei Shi declined and advised that it intended to oppose the motion. Accordingly, Defendants incurred the expense of preparing and filing their motion to dismiss.

Nuo Bei Shi never filed its opposition. It missed the Court's original briefing deadline without requesting an extension. When the Court ordered Nuo Bei Shi to respond or show good cause for its failure to do so, Nuo Bei Shi again failed to comply. Three days after the second deadline, Nuo Bei Shi voluntarily dismissed the action without prejudice.

Although Nuo Bei Shi had the right to dismiss this action voluntarily, that right did not excuse its failure to comply with the Court's orders or resolve questions concerning its conduct in this litigation. Having previously allowed substantially the same claims to be dismissed for failure to prosecute, Nuo Bei Shi again abandoned its claims, this time after expressly declining

Defendants' request for voluntary dismissal and requiring them to incur the expense of preparing a motion to dismiss. Its failure to respond to that motion or comply with the Court's subsequent orders raises questions about whether it maintained this action in good faith. Defendants therefore request that the Court require Nuo Bei Shi and its counsel to explain their conduct and determine whether sanctions are warranted.

## II. BACKGROUND

### A. The Illinois court dismissed the earlier action with prejudice.

In January 2025, Nuo Bei Shi filed an action against Xiaoling Che in the Northern District of Illinois seeking declarations of noninfringement and invalidity of the '885 Patent. ECF No. 20 at 2. The complaint identified the same accused products at issue here and asserted state-law tortious-interference claims arising from an Amazon patent complaint. *Id*. at 2-3.

Nuo Bei Shi failed to request issuance of a summons and did not comply with Judge Manish S. Shah's order requiring a status report. ECF No. 20 at 2; ECF No. 20-2. Judge Shah warned that continued noncompliance would result in dismissal with prejudice. ECF No. 20 at 3; ECF No. 20-3. When Nuo Bei Shi again failed to comply, Judge Shah dismissed the action "with prejudice for want of prosecution" and directed entry of judgment. ECF No. 20 at 3; ECF No. 20-4.

### B. Nuo Bei Shi used the Illinois action to avoid Amazon's patent evaluation process and subsequently filed this action during a second Amazon proceeding.

Amazon has a patent evaluation process for resolving patent infringement complaints involving products sold on its platform. *SnapRays v. Lighting Def. Grp.*, 100 F.4th 1371, 1373 (Fed. Cir. 2024). Under that program, an accused seller may obtain reinstatement of removed product listings by filing a declaratory judgment action concerning the asserted patent. *Id*. at 1373-74. Nuo Bei Shi invoked this procedure by submitting its Illinois declaratory judgment complaint

to Amazon to obtain reinstatement of its product listings. Despite obtaining this benefit, Nuo Bei Shi failed to prosecute the action, leading the Illinois court to dismiss it with prejudice.

When Defendants initiated a second Amazon proceeding involving the same patent and accused products, Nuo Bei Shi filed the present declaratory judgment action. The circumstances suggest that Nuo Bei Shi filed this action in an effort to avoid the second APEX proceeding.

**C. Nuo Bei Shi filed this action and refused Defendants' request to dismiss.**

On August 29, 2026, Nuo Bei Shi filed this action against Ms. Che and Jinyan Duan, again seeking declarations of noninfringement and invalidity involving the same patent and accused products. ECF No. 20 at 3-5. Nuo Bei Shi also asserted tortious interference claims arising from Amazon patent enforcement activity. ECF No. 20 at 3.

On September 14, 2026, Defendants' counsel contacted Plaintiff's counsel by phone and explained each of the grounds for Defendants' anticipated motion to dismiss, including the claim preclusion issue, the absence of a required party under Rule 19, and the lack of an independent basis for federal jurisdiction over the state-law claims. Rice Decl. ¶¶ 2-3. In this call, Defendants' counsel asked Nuo Bei Shi to dismiss the Complaint rather than require Defendants to incur the expense of preparing a motion to dismiss. *Id.* ¶ 4. After requesting one day to consult with his client, Nuo Bei Shi's counsel advised that his client intended to oppose the motion. *Id.* ¶¶ 5-6. Defendants then filed their motion to dismiss and supporting memorandum. *Id.* ¶ 7; ECF Nos. 19-20.

**D. After ignoring two Court-ordered deadlines, Nuo Bei Shi dismissed this action without prejudice.**

The Court ordered Nuo Bei Shi to respond to Defendants' motion by October 7, 2026. ECF No. 22. Nuo Bei Shi did not respond or request an extension. On October 13, the Court ordered Nuo Bei Shi to file its opposition by October 16 or show good cause why it had failed to respond.

ECF No. 24. Nuo Bei Shi again failed to comply. On October 19, it filed a Notice of Voluntary Dismissal without prejudice under Rule 41(a)(1)(A)(i). ECF No. 25.

## III. ARGUMENT

### A. The Court retains jurisdiction to impose sanctions.

Nuo Bei Shi's voluntary dismissal does not prevent the Court from addressing misconduct that occurred before dismissal. In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990), the Supreme Court held that a voluntary dismissal under Rule 41(a)(1) does not divest a district court of jurisdiction to consider collateral sanctions. The Third Circuit has likewise recognized that a Rule 41(a)(1) dismissal terminates the merits proceedings but leaves the district court with jurisdiction over collateral matters, including sanctions and attorneys' fees. *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 n.8 (3d Cir. 2008) ("A district court retains jurisdiction to decide 'collateral' issues—such as sanctions, costs, and attorneys' fees—after a plaintiff dismisses an action by notice.").

Defendants do not seek to undo Nuo Bei Shi's voluntary dismissal or obtain a ruling on their motion to dismiss. They seek sanctions for conduct that occurred before dismissal. The Court retains jurisdiction to consider that request.

### B. Nuo Bei Shi's litigation conduct warrants an inquiry into bad faith.

The Court may award attorneys' fees when a party abuses the judicial process through bad-faith litigation conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). This inherent authority extends to both litigants and their attorneys. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980). Such sanctions require a finding of bad faith and appropriate procedural protections. *Id.* at 767; *Chambers*, 501 U.S. at 50. Any sanction against counsel must rest on misconduct attributable to counsel. See *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 144 (3d Cir. 2009).

Nuo Bei Shi's litigation history raises a substantial question whether it filed and maintained these actions to obtain a commercial advantage through Amazon's patent evaluation process rather than to obtain judicial relief. Nuo Bei Shi submitted its Illinois declaratory judgment complaint to Amazon to obtain reinstatement of its product listings, but then failed to prosecute the action, leading the Illinois court to dismiss it with prejudice. Despite that judgment, Nuo Bei Shi filed this action asserting substantially the same patent claims while a second Amazon proceeding was pending. After Defendants explained the grounds for dismissal, Nuo Bei Shi's counsel advised that his client intended to oppose Defendants' motion to dismiss. Yet Nuo Bei Shi never filed an opposition and ultimately dismissed the action without prejudice after disregarding two court-ordered deadlines.

Defendants recognize that filing a declaratory judgment action to avoid an Amazon patent evaluation process is not, by itself, improper, and that failure to prosecute does not necessarily establish bad faith. Nevertheless, the combined circumstances raise a question whether Nuo Bei Shi intended to pursue either action to judgment or instead sought to obtain the benefits of litigation without prosecuting its claims.

Defendants cannot presently determine whether Nuo Bei Shi, its counsel, or both were responsible for this conduct. Counsel, however, had an independent responsibility to assess the legal basis for the claims asserted, particularly after Defendants raised the effect of the Illinois dismissal with prejudice during the September 14 conference. These circumstances warrant requiring Nuo Bei Shi and its counsel to explain their respective roles in filing and maintaining this action and failing to comply with the Court's orders.

**C. Nuo Bei Shi's disregard of the Order to Show Cause warrants a separate inquiry.**

Apart from the broader litigation history, Nuo Bei Shi's failure to comply with this Court's Order to Show Cause independently warrants examination. After Nuo Bei Shi missed the original briefing deadline, the Court expressly directed it either to respond to Defendants' motion to dismiss or show good cause for its failure to do so. ECF No. 24. Nuo Bei Shi did neither.

The Court has inherent authority to enforce its orders and protect the orderly administration of its proceedings. *Chambers*, 501 at 43-46. Although the record does not establish whether Nuo Bei Shi or its counsel was responsible for disregarding the Court's directive, the unexplained noncompliance warrants requiring both to account for their conduct before the Court determines whether sanctions are appropriate.

**D. Defendants seek the fees caused by any sanctionable conduct.**

Defendants seek the reasonable attorneys' fees and expenses they would not have incurred but for the conduct the Court finds sanctionable. Compensatory sanctions imposed under the Court's inherent authority must generally reflect the fees caused by the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108-10 (2017).

Defendants incurred fees investigating Nuo Bei Shi's claims, preparing and filing their motion to dismiss, and addressing the subsequent failures to prosecute the action. Rice Decl. ¶ 8. If the Court finds that Nuo Bei Shi, its counsel, or both engaged in bad faith litigation conduct, Defendants request the reasonable fees attributable to that conduct, including the costs of preparing their motion to dismiss.

Defendants request that the Court determine responsibility after providing Nuo Bei Shi and its counsel an opportunity to be heard and impose any monetary sanction on the responsible party or parties. Defendants further request leave to submit a detailed fee petition, including fees

reasonably incurred in pursuing sanctions to the extent recoverable, after the Court determines whether sanctions are warranted.

## IV. CONCLUSION

Defendants respectfully request that the Court exercise its inherent authority to direct Nuo Bei Shi and its counsel appear and explain their conduct, including their failure to comply with the Court's orders, their decision to pursue this action after the Illinois dismissal with prejudice, and their subsequent abandonment of the litigation. If the Court determines that Nuo Bei Shi or its counsel acted in bad faith or otherwise engaged in sanctionable conduct, Defendants request an award of the reasonable attorneys' fees and expenses caused by that conduct, with the amount to be established through a supplemental fee petition.

Respectfully submitted,

Dated: October 26, 2026

/s/ Marina N. Saito

Edward H. Rice (IL 6,199,115)
Marina N. Saito (IL 6,230,179)
Steven M. Lubezny (IL 6,275,394)
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Defendants,*
*Xiaoling Che and Jinyan Duan*