UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEN ZHEN NUO BEI SHI CHUANG YI FA ZHAN CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>XIAOLING CHE and JINYAN DUAN,<br><br>Defendants. | Case No. 2:26-cv-01819<br><br>Honorable J. Nicholas Ranjan |

**DECLARATION OF EDWARD H. RICE**
**IN SUPPORT OF MOTION FOR SANCTIONS**

I, Edward H. Rice, declare as follows:

1. I am an attorney with Rice Technology Law Group and counsel of record for Defendants Xiaoling Che and Jinyan Duan in this action. I have personal knowledge of the matters set forth in this Declaration and, if called upon to testify, I could and would competently testify.

2. On September 14, 2026, pursuant to Judge Ranjan's Practices and Procedures, I conferred with Plaintiff's counsel, Zheng "Andy" Liu, by telephone regarding Defendants' anticipated motion to dismiss Plaintiff's complaint.

3. During the conference, I explained the basis for the anticipated motion to dismiss, including that:

   a. **Claim Preclusion**: Plaintiff's claims for declaratory judgments of noninfringement and invalidity against Defendant Xiaoling Che were barred by claim preclusion because Plaintiff had previously asserted substantially the same claims involving the same patent and accused products against Ms. Che in the Northern District of Illinois, and that action had been dismissed with prejudice for failure to prosecute.

b. **Failure to Join a Required Party**: Because Ms. Che and Defendant Jinyan Duan were alleged to be co-owners of the patent, dismissal of the declaratory judgment claims against Ms. Che on claim-preclusion grounds would prevent adjudication of those claims against Ms. Duan alone under Federal Rules of Civil Procedure 12(b)(7) and 19.

c. **Lack of Subject-Matter Jurisdiction over the State-Law Claims**: Following dismissal of the federal patent claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law tortious-interference claims under 28 U.S.C. § 1367(c)(3).

4. During the September 14 conference, I asked that Plaintiff voluntarily dismiss its Complaint rather than require Defendants to incur the expense of preparing and filing the anticipated motion to dismiss.

5. Mr. Liu requested an additional day to confer with his client regarding Defendants' request.

6. On September 15, 2026, I again conferred with Mr. Liu by telephone. During that conference, Mr. Liu advised that Plaintiff intended to oppose Defendants' motion to dismiss.

7. Following Plaintiff's refusal to voluntarily dismiss the Complaint, Defendants completed and filed their motion to dismiss and supporting memorandum on September 15, 2026. ECF Nos. 19-20.

8. Defendants incurred attorneys' fees and expenses in preparing and filing their motion to dismiss after Mr. Liu advised that Plaintiff intended to oppose the motion. Defendants also incurred attorney fees in preparing the present motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2026.

Edward H. Rice