**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHEN ZHEN NUO BEI SHI CHUANG YI FA ZHAN CO., LTD.,<br>Plaintiff,<br><br>v.<br><br>XIAOLING CHE and JINYAN DUAN,<br><br>Defendants. | Case No. 2:26-cv-01819<br><br>Honorable J. Nicholas Ranjan |

**<u>MEMORANDUM OF LAW IN OPPOSITON TO MOTION FOR SANCTIONS</u>**

## I. INTRODUCTION

Defendants' motion styled as a motion for sanction is ill-advised. First, It is better styled as a motion to "let-me-explore-opposing-party's-litigation-strategy." The Seventh Circuit recognizes no such motions. This is critical here: Defendants failed to inform the Court that the parties are actively litigating in a separate case before the Northern District of Illinois about a different patent. The fact discovery in that case had long closed. To make up for what they failed to do there, Defendants use this Court as a backdoor to reopen fact discovery in the other case.

If circumstances warranting sanctions existed *before* the filing of this purported sanction motion, Defendants surely would have brought a legitimate sanction motion. They did not, because nothing warranted sanction to begin with.

Second, facts alleged by Defendants are inaccurate on their face. The sole basis for

the Defendants' purported sanction motion is that Plaintiff allegedly caused them to spend attorney's time drafting a motion to dismiss. Written records show, however, that on during the September 14, 2026 meet and confer call, Defendants threatened to file the motion to dismiss that they *had already finalized*, before Plaintiff could even confer with its counsel about whether to dismiss this case or not. Defendants cannot now claim that Plaintiff's non-opposition necessitated a motion that Defendants had already drafted. There is no causal relationship.

Next, Defendants claim that this case was "substantially the same" to a prior cases is also false. These two cases involved different parties, different counsels, different causes of actions, and different case laws. Defendants' bold assertion about this case is somehow claim-precluded lacks basis.

In sum, Defendants' motion for sanction should be denied as lacking basis.

## II. FACTS

### A. The Three Lawsuits And Two Amazon Complaints Between The Parties.

In January 2025, Plaintiff filed an action against Xiaoling Che in the Northern District of Illinois (the First Case) seeking declarations of noninfringement and invalidity of the '885 Patent. The First Case was filed because Xiaoling Che was making false patent infringement claims against Plaintiff with Amazon and other third party platforms.

After the First Case was filed, Xiaoling Che engaged the Law Firm of Rimon Law. Based on a discussion between Rimon Law and the undersigned, it was understood that (1) Xiaoling Che would not accept service through counsel but would insist on service

through the Hague Convention, but that (2) Xiaoling Che likely withdraw her Amazon patent infringement claim against Plaintiff in favor of a different lawsuit. Part of the negotiation was that Xiaoling Che was only one of the two owners on the patent-in-suit and thus could not maintain patent infringement with Amazon on her own without her co-owner.

As part of that negotiation, the Amazon patent infringement claim against Plaintiff was withdrawn—mooting the First Case—and Xiaoling Che did file a second lawsuit against Plaintiff in the Northern District of Illinois using a different patent (the Second Case).

The Second Case did not fare well for Xiaoling Che, however. Xiaoling Che lost a preliminary injunction motion, and Plaintiff was allowed to continue selling the products at issue. The Second Case then dragged on.

To make up for her loss in the Second Case, Xiaoling Che then restarting filing patent infringement claims with Amazon against Plaintiff about Plaintiff's products (in addition to those she had complained about before in the First Case and she is litigating against in the Second Case).

This time, however, Amazon gave Plaintiff two options: one is to evaluate Xiaoling Che's patent through its patent-evaluation program; the other is for Plaintiff to file a declaratory judgment lawsuit within certain time limit.

First, Plaintiff tried to participate in Amazon's patent-evaluation program.

Plaintiff's deadline to participate in Amazon's patent-evaluation program was first extended and then, due to Amazon's error and as urged by Defendants, shortened retroactively. As a result of this chaos, Plaintiff's request to participate in Amazon's patent-evaluation program was, incorrectly, deemed timely. Thus, Plaintiff had no recourse but to file this lawsuit (the Third Case).

Notably, the Third Case involved different parties, different counsels, different causes of actions, and different case laws. For example, both Xiaoling Che and Jinyan Duan are named as defendants, because they jointly complained with Amazon against Plaintiff. For another example, Xiaoling Che is now presented by a law firm other than Rimon Law; for a third example, this case involved Pennsylvania law claims, not just federal patent law claims; for a fourth example, the Third Circuit has a more liberal interpretation of the federal rules on alternative service than the Seven Circuit does.

**B. Defendants Finalized A Motion To Dismiss Long Before The Meet And Confer.**

Unlike the First Case, here, Defendant Xiaoling Che waived the service and appeared in the case without advance notice to Plaintiff.

On September 9, 2026, Mr. Rice requested a meet and confer about Defendants' motion to dismiss. On September 14, 2026, the counsel met and confer by phone.

During the September 14, 2026 call, Mr. Rice stated three ground of Defendants' motion to dismiss: (1) claim preclusion, (2) failure to join a required party, and (3) lack of subject matter jurisdiction. Mr. Rice stated that the motion is basically drafted and could

be filed on that same day (September 14, 2026).

In response, the undersigned stated as follows:

1. The three grounds is really a single ground - claim preclusion. Because the second and third grounds both require a favorable decision to Defendants on the issue preclusion.

2. The claim preclusion does not apply.

   a. First, because this case (the Third Case) involves Defendants' more recent wrongful conducts against Plaintiff, in addition to those alleged in the First Case.

   b. Second, because this case (the Third Case) involves Plaintiff's different products from those affected in the First Case.

3. Because there is no claim preclusion, the prior dismiss does not bar this case and there is no failure to join any required party.

4. Because there is no claim preclusion, the prior dismiss does not bar the patent law claims in this case and subject-matter jurisdiction thus exist over the state-law claims under at least the doctrine of supplemental jurisdiction.

The undersigned offer to First Amended Complaint if any of the above-identified issues remained unclear to Defendants.

Mr. Rice responded that his office had already drafted a motion to dismiss and was ready to file on that day (September 14, 2026).

The undersigned then asked whether the parties could stipulate to a briefing schedule because Plaintiff (not the undersigned) would need time to consider its options, given the ligation cost and potential return.

Mr. Rice did not agree to a briefing schedule and instead stated that his office would file the motion and let the Court figure out a schedule, but the parties may stipulate to a different schedule later.

Mr. Rice gave Plaintiff one busies day to either dismiss the case or respond to his motion to dismiss. (Exhibit A.) This one business day is half-a-business-day, because Plaintiff's representative works in the China time zone.

Before Plaintiff could respond, Defendants filed their motion to dismiss on September 15, 2026.

**C. The Delay In Filing The Notice Of Dismissal.**

The one-business day delay in filing the notice of dismissal was a human error. The undersigned's office recently started using AI tools to scan ECF emails to docket case deadlines. But some of the legal staff work in the Hong Kong time zone. Thus, the AI tool was potentially confused about which time zone to use when docketing deadlines. Although the exact reason is unclear, it is suspect that the October 16, 2026 (Friday), Eastern Time zone deadline was mis-docketed as October 17, 2026 (Saturday), Hong Kong Time zone, and then "extended" to the next business day October 19, 2026 (Monday).

The undersigned has diligently addressed this issue and apologize to the Court and

the opposing party about this brief one-business day delay occurred in this case.

## II. DISCUSSIONS

### A. There Was No Bad Faith On Plaintiff's Part.

As seen this case (the Third Case) could have been avoid, but for Defendant Xiaoling Chen honored her prior oral agreement (entered by respective counsels on behalf of the parties).

Instead, seeing that her Second Case was faltering and especially her preliminary injunction motion was denied. Defendant Xiaoling Che regened on her agreement and re-started filing Amazon patent infringement claims against Plaintiff. This time against Plaintiff's additional products.

Next, Defendant Xiaoling Che and the new counsel then urged Amazon to shut Plaintiff off from the Amazon's patent evaluation program, forcing Plaintiff to file the Third Case.

Moreover, Defendants refused to stipulate to a briefing schedule, first threatened to file the motion to dismiss (that they had long finalized) on the same day of the meet and confer call, and later gave Plaintiff merely half-a-business-day to respond.

Defendants cannot argue that Plaintiff caused Defendants to spent time on a motion to dismiss that they had already drafted long time ago. There is no causal relationship between Plaintiff and Defendants' claimed necessarily to spend time on a motion to dismiss.

**B. There Was No Bad Faith On Counsels' Part.**

To be clear, there is not a case where AI was use to draft brief or the like.

The one-business day delay in filing the notice of dismissal was a human error. The AI docketing software had a glitch, and the undersigned corrected it as soon as he discovered the error. Defendants have not claimed that they suffered prejudice due to this brief delay.

Thus, sanction is not warranted under these circumstances.

**C. Defendants' own overly-aggressive litigation posture probably caused their own expenses.**

Defendants claims that they have spent attorney's fees relating to their motion to dismiss. But much of Defendants' attorney work appear to be unnecessary.

First, Defendants had long drafted their motion to dismiss before the September 14, 2026 meet and confer. Second, Defendants threatened to file the motion to dismiss on the same day of the meet and confer. Third, Defendants gave Plaintiff merely half-a-business-day to respond to their request to dismiss. Fourth, Defendants refused to stipulate to a briefing schedule.

Nothing Plaintiff had done caused Defendants to draft a full-blown motion to dismiss before the September 14, 2026 meet and confer. Defendants thus cannot attribute their costs relating to the motion to dismiss to Plaintiff.

## III. CONCLUSION

Defendants' recitation of the facts are misleading. Almost all Defendants' attorney time is caused by their own over-aggressive litigation posture. Nothing Plaintiff had done in this case caused Defendants to finalize a full-blown motion to dismiss before the September 14, 2026 meet and confer. Thus, no sanction is warranted, nor should any fee be imposed relating to Defendants' alleged costs relating to that motion.

Date: September 2, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*