**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHEN ZHEN NUO BEI SHI CHUANG YI FA ZHAN CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>XIAOLING CHE and JINYAN DUAN,<br><br>Defendants. | Case No. 2:26-cv-01819<br><br>Honorable J. Nicholas Ranjan |

**DECLARATION OF ZHENG LIU IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**

I, Zheng "Andy" Liu, declare as follows:

1. I am an attorney licensed to practice law in the State of California and counsel of record for Plaintiff Shen Zhen Nuo Bei Shi Chuang Yi Fa Zhan Co., Ltd. ("Plaintiff") in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.

2. I submit this declaration in support of Plaintiff's Opposition to Motion for Sanctions. The terms "First Case" and "Third Case" have the meanings given in that Memorandum; the Third Case is this action.

3. On September 9, 2026, Edward Rice of Rice Technology Law Group, counsel for Defendants Xiaoling Che and Jinyan Duan ("Defendants") ("Mr. Rice"),

requested a meet and confer about Defendants' motion to dismiss. On September 14, 2026, Mr. Rice and I met and conferred by phone.

4. During the September 14, 2026 call, Mr. Rice stated three grounds of Defendants' motion to dismiss: (1) claim preclusion, (2) failure to join a required party, and (3) lack of subject matter jurisdiction. Mr. Rice stated that the motion was basically drafted and could be filed on that same day (September 14, 2026).

5. In response, I stated as follows:

(a) The three grounds are really a single ground—claim preclusion—because the second and third grounds both require a decision favorable to Defendants on issue preclusion.

(b) Claim preclusion does not apply:

(i) First, because this case (the Third Case) involves Defendants' more recent wrongful conduct against Plaintiff, in addition to the conduct alleged in the First Case.

(ii) Second, because this case (the Third Case) involves Plaintiff's products that are different from those affected in the First Case.

(c) Because there is no claim preclusion, the prior dismissal does not bar this case, and there is no failure to join any required party.

(d) Because there is no claim preclusion, the prior dismissal does not bar the patent law claims in this case, and subject-matter jurisdiction thus exists

over the state-law claims under at least the doctrine of supplemental jurisdiction.

6. I offered to file a First Amended Complaint if any of the above-identified issues remained unclear to Defendants.

7. Mr. Rice responded that his office had already drafted a motion to dismiss and was ready to file it that day (September 14, 2026).

8. I then asked whether the parties could stipulate to a briefing schedule because Plaintiff (not I) would need time to consider its options, given the litigation cost and potential return.

9. Mr. Rice did not agree to a briefing schedule and instead stated that his office would file the motion and let the Court figure out a schedule, but that the parties could stipulate to a different schedule later.

10. Mr. Rice gave Plaintiff one business day to either dismiss the case or respond to his motion to dismiss. After the call, on September 14, 2026, Mr. Rice emailed me: "As discussed on the call this afternoon, you will contact your client to see whether—in view of Defendants' planned motion to dismiss—it will either withdraw its complaint or oppose the motion. If we do not hear from you by end of day tomorrow (5 pm Central) we will assume you intend to oppose the motion and we will file it." A true and correct copy of Mr. Rice's September 14, 2026 email is attached as Exhibit A.

11. This one business day was effectively half a business day, because Plaintiff's representative works in the China time zone.

12. Before Plaintiff could respond, Defendants filed their motion to dismiss on September 15, 2026 (Dkt. 20).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 23, 2026.

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA-279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2026, I electronically filed the foregoing Declaration of Zheng Liu in Support of Plaintiff's Opposition to Motion for Sanctions, with Exhibit A, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Date: November 23, 2026

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA-279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*